ANDREW L. CHAMBERLAIN *vs.* STEPHEN HALL.

It is within the discretion of a commissioner of insolvency to allow the examination of an insolvent debtor before him, upon all matters relating to the disposal of the debtor's estate, under *St.* 1838, *c.* 163, § 6, to be conducted by a single creditor who is not the assignee.

PETITION by an insolvent debtor, praying this court to vacate an order whereby a commissioner of insolvency, after the appointment of an assignee, and before the second meeting of the petitioner's creditors, on the application of the respondent, a creditor who had proved his claim, ordered the petitioner to submit to an examination on oath by such creditor before the commissioner and the assignee, upon all matters relating to his estate, and the due settlement thereof according to law.

The respondent annexed to his answer an order or report of the commissioner, in which his rulings, at the time of passing the order, were thus stated: " That upon the record, as it stood before the commissioner, it appeared that the debtor, upon the petition of a single creditor, had been summoned to appear, to submit to an examination before the commissioner; that any one creditor, who stated in his petition reasonable grounds for the debtor's examination, had a right to petition for it; that when the debtor was ordered in and appeared, the examination was not to be considered as being by the petitioning creditor alone, or by the assignee alone, but that any creditor or creditors, or the assignee, might take part in such examination before the commissioner; that the petitioning creditor might pursue a line of examination independent of the assignee, if he saw fit, the commissioner seeing that the examination was

properly conducted, and being satisfied, by the statement of the assignee, that an examination in that stage of the proceedings would not prejudice the interests of the estate in any way Upon inquiry of the assignee, he stated that he knew of no reason why the examination should not be gone into at this time, although he declined to adopt the examination as his own, or to take any part in it." The ground of the creditor's application to the commissioner, as stated therein, was, " that the petitioner has reasonable cause to believe that the interests of the estate will be advanced by an examination as asked for, indicating important facts and information."

*B. F. Brooks*, for the petitioner. The examination sought by the respondent was not for the purpose of showing that the debtor was not entitled to his certificate of discharge; for the time for granting such a certificate had not arrived, and none had been applied for. It was avowedly for the purpose of compelling a disclosure of all matters relating to the disposal of his estate, which the *St.* of 1838, *c.* 163, § 6 provides shall be " before the judge and the assignees." It is the peculiar duty of the assignee to use all legal means to obtain all the property of the debtor, including a personal examination of the debtor, and bringing suits to recover property fraudulently conveyed, when judged by him necessary or desirable. To allow every creditor to act independently of the assignee would produce great confusion, subject the debtor to repeated annoyance, and delay or prevent the settlement of the estate. For any failure of the assignee to do his duty in this, or any other respect, the creditors have an ample remedy, by removing him and appointing another.

*S. J. Thomas*, for the respondent.

Bigelow, J. By *St.* 1838, *c.* 163, § 6, it is provided that the debtor shall at all times, before the granting of his certificate of discharge, upon reasonable notice, attend and submit to an examination on oath before the judge and the assignees, upon all matters relating to the disposal of his estate, his dealings, accounts, debts and other matters concerning his estate. It does not provide by whom this examination is to be conducted. It is the duty of the judge, in the absence of any express provision,

on sufficient cause shown, to direct such examination to be had, to regulate the manner in which and the person by whom it is to be conducted, and the extent to which it is to be carried. Cases might often arise, when it would be expedient and proper that the creditors should be allowed to conduct such examination. Assignees might omit to institute it, without being guilty of such neglect or failure of duty as to authorize their removal, and yet the judge, on cause shown, might think an examination expedient and proper.

It is not a sound argument against the existence of this power that it is liable to abuse. It is difficult to intrust any tribunal with power which cannot be misused or perverted. The only protection, which parties can have against such abuse, is to be found in the wisdom, integrity and sound discretion of the magistrate in whom the power is vested by law.

*Petition dismissed.*